### 16563.  BUGG, receiver, v. MARTIN.

BROYLES, C. J.  1. When the alleged errors of commission and of omission in the charge of the court and the refusal to give the requested instructions to the jury are considered in the light of the charge as a whole and the facts of the case, no reversible error appears.

2. The grounds of the motion for a new trial, complaining of rulings upon the admissibility of evidence, fail to show any reversible error. Moreover, these grounds are defective in two particulars:  (1) They disclose that no objection was made to the admission of the *evidence* itself, the only objections being to the questions propounded.  (2) The grounds are not complete and understandable within themselves.  To determine whether the evidence admitted was material and was prejudicial to the plaintiff in error would require a reference to other portions of the record.

3. This was an action by a mother for damages for the homicide of her son, Dan Martin.  Upon the trial the evidence disclosed that Dan Martin, his wife, and his only child were all killed in the same collision between an automobile (in which they were riding) and a train of the defendant.  However, the evidence adduced, together with the legal inferences and deductions arising therefrom, authorized a finding that both the wife and child died before Dan Martin died.  The verdict was authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned in the motion for a new trial.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED JULY 29, 1925.

Damages; from Meriwether superior court—Judge Roop.  April 25, 1925.

*Jones & Strother, Lovejoy & Mayer, Brandon & Hynds,* for plaintiff in error.

*J. J. Bowden, J. R. Terrell, N. F. Culpepper,* contra.


### 16566.  SMITH v. MEYER.

BROYLES, C. J.  The court did not err in overruling the demurrer to the petition.   *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED JULY 29, 1925.

Complaint; from city court of Savannah—Judge Freeman.  May 18, 1925.

*Frederick A. Tuten,* for plaintiff in error.